NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KOM SOFTWARE, INC.,**
*Appellant*

**v.**

**NETAPP, INC.,**
*Appellee*

_____

2020-2345, 2020-2346

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2019-00591, IPR2019-00592.

_____

Decided: December 16, 2021

_____

DAVID FARNUM, Anova Law Group, PLLC, Sterling, VA, argued for appellant. Also represented by WENYE TAN.

JASON E. STACH, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Atlanta, GA, argued for appellee. Also represented by ERIKA ARNER, JOSHUA GOLDBERG, YONGYUAN GAO RICE, Washington, DC; CORY C. BELL, Boston, MA; JACOB ADAM SCHROEDER, Palo Alto, CA.

_____

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

KOM Software, Inc. ("KOM") appeals two inter partes review final written decisions. In IPR2019-00592 ("the *Dibble* IPR"), the Patent Trial and Appeal Board ("Board") determined that claims 1–7, 10, 12–17, and 20 of U.S. Patent No. 6,438,642 were unpatentable as obvious over two prior-art references, Dibble and Cannon.[1] In IPR2019-00591 ("the *Carter* IPR"), the Board separately determined that a subset of those claims was unpatentable as obvious over other prior-art references.

As to the *Dibble* IPR, KOM argues that, contrary to the Board's finding, Dibble fails to disclose the "different computer systems" limitation of claim 16 (and other claims). Although KOM presents this issue as one of claim construction, we agree with NetApp, Inc. ("NetApp") that the pertinent inquiry is whether the "supercomputer" of Dibble teaches the "different computer systems" limitation. Indeed, it appears that neither side sought construction of this term and, as KOM acknowledges, the question is whether the Local File System ("LFS") nodes of Dibble's supercomputer "are, or are treated like, different computer systems." Appellant's Br. 42. On this point, the Board's finding that "Dibble teaches that its LFSs are different computer systems," J.A. 69, is supported by substantial evidence, namely, Dibble itself and testimony from NetApp's expert, Dr. Long. For example, Dr. Long testified that a person of ordinary skill would consider each LFS to be "a different computer system" because "[e]ach LFS operates

---

[1] The Board found that claims 1–6, 12–14, and 16 were unpatentable as obvious over the teachings of Dibble alone and that claims 7, 10, 15, 17, and 20 were unpatentable as obvious over the combined teachings of Dibble and Cannon. J.A. 105.

independently, having its own processor and disk drive." J.A. 1895.  As another example, Dibble describes its LFSs as "self-sufficient."  J.A 2210; *see* J.A. 2222, 2262.

We have considered KOM's remaining arguments with respect to the *Dibble* IPR but find them unpersuasive.  Because we affirm the Board's unpatentability determinations in the *Dibble* IPR, we need not and do not reach the issues raised with respect to the *Carter* IPR.

**AFFIRMED**

COSTS

The parties shall bear their own costs.